IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM G. CLOWDIS, Jr.,

        Plaintiff,

 v.                                       Civil No. 3:15-cv-128

JOEL JEREMY SILVERMAN, *et al.*,

        Defendants.

COMMONWEALTH DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS</u>

    The Commonwealth Defendants[1], pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[2], submit the following memorandum of law in support of their Motion to Dismiss the Plaintiff's Amended Complaint for Mandamus and Damages.

    **I.**    **Introduction**

    While the Plaintiff, William G. Clowdis, Jr., ("Clowdis"), allows his appeal of the Virginia Board of Medicine's March 4, 2013, Order to languish in the State Circuit Court for the City of Richmond, he tries to collaterally attack that same Order by filing this suit against anyone

---

[1] The Commonwealth Defendants include: the Commonwealth of Virginia; the Department of Health Professions (DHP); the Virginia Board of Medicine (Board), which is part of DHP; Virginia Commonwealth University (VCU); the Virginia Health Practitioners' Monitoring Program (HPMP), which is part of VCU; William Harp, M.D., Executive Director of the Board; Jennifer Deschenes, Deputy Executive Director of the Board; investigator Sherry Foster, who works in the Enforcement Division of DHP and assisted in the investigation of the case of Dr. Clowdis; and Amy Stewart, Case Manager for HPMP.  The following individuals have not been served a summons and complaint and are not part of this response: Renee Dixon, former Discipline and Compliance Case Manager for the Board; Sandra Ryals, former DHP Director; and former DHP investigator Loretta S. Hopson-Bush.

[2] The Commonwealth Defendants have attached Defendants' Exhibits 1 through 8.  If the court determines that any exhibit converts this motion to dismiss to a motion for summary judgment, the Commonwealth Defendants ask this court to not consider that exhibit.

remotely connected to it. Clowdis is also attempting to resuscitate claims by collaterally attacking a prior Board Order from which he never appealed to state court. In furtherance of his scheme to evade state appellate review, Clowdis makes conclusory allegations against numerous parties.

The Commonwealth Defendants ask the Court to dismiss all claims under Rule 12(b)(1) and 12 (b)(6) for the following reasons:

1. *Younger* abstention bars Clowdis' claims because there is an ongoing state judicial proceeding that implicates important state interests and Clowdis can raise his constitutional claims in the state proceeding;

2. The statute of limitations bars all claims made pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794;

3. The statute of limitations bars all claims made pursuant to 42 U.S.C. § 1983 that accrued before March 3, 2013;

4. The Commonwealth of Virginia has not waived sovereign immunity for all claims made pursuant to 42 U.S.C. 1983;

5. Qualified immunity and quasi-judicial immunity bar claims against Board staff, DHP investigators, and HPMP Case Manager Stewart;

6. Clowdis fails to allege facts sufficient to state any claim.

**II.    Facts**

Clowdis is a former physician. DHP mandatorily suspended his license to practice medicine pursuant to Va. Code § 54.1-2409 on April 26, 2007, because he was convicted of a felony in Colorado state court. (Compl. ¶¶ 28, 31-33, Def. Ex. 1). Specifically, on February 6, 2006, the Combined Court of Jefferson County for the State of Colorado, by Order entered *nunc pro tunc* to September 6, 2005, accepted Clowdis' guilty plea and convicted him of one felony charge of menacing-real/simulated weapon. (Def. Ex. 1). After receiving documentation that a licensee has been convicted of a felony, the Director of DHP must suspend the licensee's license

without a hearing. Va. Code § 54.1-2409(A). However, the DHP Director does have discretion to not suspend the license if the conviction is not final. Va. Code § 54.1-2409(B). Any person whose license has been mandatorily suspended is entitled to a hearing at the next board meeting 60 days from receipt of the reinstatement application. Va. Code § 54.1-2409(D). Clowdis does not allege the Board violated this statute.

On May 19, 2011, the Board convened a formal hearing pursuant to the Virginia Administrative Process Act (Virginia APA), Va. Code §2.2-4000 et seq. At this hearing, Clowdis was represented by two attorneys. (Def. Ex. 2). By Order of the Board entered May 24, 2011, Clowdis' license to practice medicine was continued on indefinite suspension based on extensive findings of fact and conclusions of law. (Compl. ¶¶ 42-43, 45, Def. Ex. 2). Specifically, the Board found that Clowdis' felony conviction was based on an incident wherein he threatened and pointed a gun at his 10-year-old daughter. (Def. Ex. 2). The Board also found that he had an inability to practice medicine due to an extensive history of mental illness and substance abuse. *Id*. The Board's Order stated that the indefinite suspension would be stayed and Clowdis' license reinstated contingent upon his entry into the HPMP. (Compl. ¶ 45, Def. Ex. 2). The Order further notified Clowdis that he must fully comply with the requirements of the HPMP, and that failure to comply would be grounds to rescind the stay of indefinite suspension of his license and convene an administrative hearing. (Compl. ¶ 46, Def. Ex. 2). Finally, the Order notified Clowdis and his attorneys that he had 30 days from the date of service to appeal the Order to state court as provided by Rule 2A:2 of the Supreme Court of Virginia. Clowdis did not appeal the Board's Order. Clowdis entered the HPMP on the day the Order was entered. (Def. Ex. 2 and 3). The Board stayed the indefinite suspension and reinstated Clowdis' license on May 27, 2011—three days later. (Compl. ¶¶ 43 and 45, Def. Ex. 3).

Clowdis chose to no longer participate in the HPMP. (Comp. ¶ 54). By letter dated September 7, 2012, the Board notified Clowdis that the stay of indefinite suspension had been summarily rescinded, and that an administrative proceeding would be scheduled. (Def. Ex. 4). The Board rescinded the stay of indefinite suspension for failing to comply with the terms of his HPMP monitoring contract in violation of the Board's May 27, 2011, Order. (Compl. ¶ 54, Def. Ex. 5). The Board convened a formal administrative proceeding on February 22, 2013. (Compl. ¶ 55, Def. Ex. 5). Clowdis was again represented by counsel. (Def. Ex. 5). By Order of the Board entered on March 4, 2013, the Board found that Clowdis had violated the previous Board Order. *Id*. Clowdis had been dismissed from the HPMP on or about April 27, 2012, based on his failure to comply with the monitoring contract he signed with HPMP. *Id*. The Board's March 4, 2013, Order continued Clowdis' license on indefinite suspension but would stay the indefinite suspension if Clowdis entered into a Recovery Monitoring Contract with the HPMP. *Id*. The Order also issued Clowdis a reprimand and ordered him to pay a monetary penalty of $5,000.00. (Compl. ¶ 55; Def. Ex. 5).

On April 9, 2013, Clowdis filed a notice of appeal with the Board. (Def. Ex. 6). On May 3, 2013, he filed his petition with the Circuit Court for the City of Richmond. (Compl. ¶ 56, Def. Ex. 8). The Board filed a motion to transfer venue, and Clowdis filed a response. (Def. Ex. 8). Clowdis does not allege, nor does the Richmond City Circuit Court online Pleadings/Orders detail indicate, that he has pursued this appeal since July 2013. *Id*.

### III.  Standard of Review

Under Rule 12(b)(1), jurisdiction once challenged by the Defendant must be proven by the proponent of jurisdiction. *Marks v. United States Social Security Administration*, 906 F. Supp. 1017 (E.D. Va. 1995), *aff'd in part and vacated in part*, 92 F.3d 1180 (4th Cir. 1996). A

4

trial court may go beyond the allegations of the complaint and consider additional evidence necessary to determine if there is in fact jurisdiction. *See Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982). A Rule 12(b)(1) motion may contend either that the complaint fails to allege facts sufficient to establish jurisdiction, or that the alleged jurisdictional facts are untrue. *Id.* at 1219.

With motions filed under Rule 12(b)(6), a court focuses on the facts alleged in the Complaint and accepts all the properly pled allegations as true and construes all facts in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999). But a court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'ad-Faltas v. Virginia,* 738 F. Supp. 982, 985 (E.D. Va. 1989) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (internal citations omitted).

The Supreme Court's decision in *Twombly* was explained further by that Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), where the Court noted that there were two working principles set forth in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"

Non-judicial records outside the complaint may also be considered under Rule 12(b)(6). "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint . . . not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

### IV. Argument

#### A. *Younger* Abstention Bars These Claims

The *Younger* abstention doctrine bars Clowdis' claims. *Younger v. Harris*, 401 U.S. 37 (1971). The U.S. Supreme Court stated in *Sprint Communication, Inc. v. Jacobs,* 134 S.Ct. 584, 588 (2013), that Younger abstention is warranted in three categories of state proceedings: state criminal prosecutions, state enforcement proceedings and state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588 (internal quotation marks omitted).

The proceeding at issue in this matter relates to a state's enforcement proceeding. For *Younger* abstention to apply to a state's enforcement proceeding, the state proceeding must be similar to a criminal proceeding. The Court gave the example of "state-initiated disciplinary proceedings against [a] lawyer for [a] violation of state ethics rules." *Id*. at 592 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982)). The Court described such proceedings as having investigations involved and "often culminating in the filing

of a formal complaint and charges." Similarly, the Fourth Circuit has held "that a defendant to a coercive state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body." *Moore v. City of Ashville*, 396 F.3d 385, 388 (4th Cir. 2005) (citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608-09 (1975)). Here, DHP investigators conducted an investigation. The Board-pursuant to the Virginia APA-instituted formal administrative proceedings on two separate occasions: (1) to determine whether Clowdis was unsafe to practice medicine in 2011 and (2) to determine whether he violated the Board's Order in 2013. The formal administrative hearings were adversarial: Clowdis and the Commonwealth were represented, and the formal hearings were conducted using formal procedures. *See* Va. Code § 2.2-4020. The Commonwealth Defendants contend that this process is similar to a criminal proceeding and is a coercive state administrative proceeding. The Court in *Sprint* assumed, but did not decide, that an administrative hearing and a subsequent state court review counted as a unitary proceeding. *Sprint Communication, Inc.,* 134 S.Ct. at 592 (citing *New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 369 (1989)). The Commonwealth Defendants submit that this court should do the same and assume that Clowdis' administrative hearings and subsequent state court appeal is a unit. The administrative hearing and subsequent appeal in state court are part of one process governed by the Virginia APA. Clowdis appealed the Board's March 4, 2013, Order to the Circuit Court for the City of Richmond, Virginia, which is his right to do under Article V of the Virginia APA. That appeal is currently pending and within that appeal, the state court may consider the plaintiff's factual and legal challenges, including constitutional challenges to that Order. *See* Va.

Code § 2.2-4027. As such, the Commonwealth Defendants submit that the *Younger* abstention doctrine applies and asks this court to dismiss Clowdis' claims.

### B. The Applicable Statute of Limitations Bars Most of Clowdis' Claims

#### 1. The ADA and the Rehabilitation Act

The claims against the Commonwealth Defendants based upon alleged violations of the ADA and the Rehabilitation Act are barred by the applicable statute of limitations. (Compl. ¶¶ 62-87). The limitations period that governs both ADA and Rehabilitation Act claims brought in Virginia is one year. *Society Without a Name v. Virginia*, 655 F.3d 342, 347-48 (4th Cir. 2011).

"The question of when a statute of limitations is triggered is one of federal law." *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002). As the Fourth Circuit noted in *Franks*: "[A] cause of action accrues when the plaintiff could first have successfully maintained a suit based on that cause of action." *Id*.

The last action by any Commonwealth Defendant was entry of the Board's Order on March 3, 2013. Any claim against the Board-made pursuant to the ADA or the Rehabilitation Act-must have been filed by March 3, 2014. Any of Clowdis' claims against the remainder of the Commonwealth Defendants must have been instituted prior to March 3, 2014. Because Clowdis failed to file any action prior to March 3, 2014 – the date upon which his cause of action accrued – all such claims are bared by the statute of limitations.

#### 2. 42 U.S.C. 1983

Clowdis makes numerous constitutional claims pursuant to 42 U.S.C. § 1983. Claims made under 42 U.S.C. § 1983 are personal injury claims and the Virginia two-year statute of limitations applies. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). The Virginia statute of limitations applicable to personal injury actions is found at Va. Code §

8

8.01-243(A). That section provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years next after the cause of action shall have accrued."

The Fourth Circuit stated that an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Maryland House of Correction*, 64 F. 3d 951, 955 (4th Cir. 1995) (citing *United States v. Kubrick*, 444 U.S. 111, 122-124 (1979)).

In the instant case, Clowdis filed his Complaint in this court on March 3, 2015. The only relevant action two-years prior to Clowdis filing his Complaint is the Board's Order entered March 4, 2013. Clearly, the DHP Order of April 26, 2007, the Board's Order of May 24, 2011, and any facts leading up to those Orders are outside the statute of limitations and are barred as a result.

Moreover, in his Complaint filed with this court on March 3, 2015, Clowdis does not mention HPMP Case Manager Amy Stewart or investigator Sherry Foster. In determining when an amended complaint relates back to the original when the plaintiff is adding a party, Fed. R. Civ. P. 15(c)1(C)(i) and (ii) applies. Fed. R. Civ. P. 15(c)1(C)(i) and (ii) provide that the amended complaint "(i) relates back when the added party received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." A review of Clowdis' original complaint does not mention Stewart or Foster or any actions that they took relating to Clowdis. Therefore the amended complaint should not relate back to the original, and any claims against Stewart and Foster should be dismissed.

9

### C. The Commonwealth Defendants are Immune from 42 U.S.C. 1983 Claims under the Eleventh Amendment

Clowdis is attempting to bring suit under 42 U.S.C. § 1983, alleging that he was deprived of rights secured by the U.S. Constitution. Clowdis must identify a person who violated his rights because the Commonwealth has not waived its immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).  "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).  State agencies are not "persons" for the purposes of 42 U.S.C. § 1983. *See Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990) (citing *Will*, 491 U.S. at 58).

The Virginia DHP is a state agency of the Commonwealth created in the executive branch and the Board of Medicine is a regulatory Board within that agency. Va. Code §§ 54.1-2501 and 54.1-2503. Therefore the Commonwealth of Virginia, DHP, and the Board, are entitled to immunity under the Eleventh Amendment. *Madden v. Virginia*, 2011 U.S. Dist. LEXIS 69452 (E.D. Va. 2011).  Eleventh Amendment immunity also applies to Harp, Deschenes and Foster in their official capacities.  Moreover, under Va. Code § 54.1-2516, the HPMP is maintained by DHP, and DHP enters into contracts to implement monitoring services. DHP has entered into a contract with VCU Health Systems to provide HPMP services. Therefore, VCU and HPMP are entitled to Eleventh Amendment immunity as well. *See DeBauche v. Trani*, 7 F. Supp. 2d. 718, 721-22 (E.D.Va. 1998) (finding that VCU is an arm of the state and entitled to Eleventh Amendment immunity) *aff'd, in part, rev'd, in part*, 191 F.3d. 499 (4th Cir. 1999) (remanded based on other grounds).  Eleventh Amendment immunity also extends to Stewart in her official capacity. In this matter, the Court lacks the power to exercise subject-matter jurisdiction over this action, and the Amended Complaint – in its entirety – should be dismissed with prejudice.

Clowdis' Amended Complaint also states threadbare recitals that the Commonwealth Defendants are sued "individually (personally)." (Compl. ¶¶ 9-10, 12 and 15).  However, merely claiming that suit is brought against a state employee in his or her individual capacity does not transform the suit into an individual capacity suit. *Martin v. Wood*, 772 F.3d 192, 195-96 (4th Cir. 2014).  Rather, a court must "look beyond the form of the complaint and conclusory allegations against [the employees] to determine who is the 'real, substantial party in interest.'" *Id*. (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

*Martin* provides the following factors to determine whether the state is the real party in interest as opposed to the Defendants, individually:

> (1) were the allegedly unlawful actions of the state officials tied inextricably to their official duties; (2) if the state officials had authorized the desired relief at the outset, would the burden have been borne by the State; (3) would a judgment against the state officials be institutional and official in character, such that it would operate against the State; (4) were the actions of the state officials taken to further personal interests distinct from the State's interests; and (5) were the state officials' actions ultra vires.

Martin, 772 F.3d at 196 (internal citations omitted).

First, all of the individual Commonwealth Defendants are identified by their official titles as employees of the Commonwealth. (Compl. ¶¶ 9-10, 12, 15). And all of the alleged violations occurred during the course of their employment. (Comp. ¶¶ 31, 38, 52, 55, 89, 95, and 119). Second, the Commonwealth – not the individual Commonwealth Defendants – would certainly have borne the burden of providing Clowdis' relief by reinstating his license.  Third, the alleged conduct demonstrates that the Commonwealth Defendants were acting within the scope of their employment. The Commonwealth pays final judgments awarded against State employees acting within the scope of their employment. Accordingly, a judgment would be institutional and official in character such that it would operate against the State.  Fourth, the alleged actions taken

11

by Defendants were taken to enforce the laws and regulations regarding the practice of medicine in the Commonwealth, which is unquestionably a State interest. Accordingly, the actions, as alleged by Clowdis, do not show that the Commonwealth Defendants' actions were taken to further personal interests distinct from the State's interests. Fifth, the analysis above and the contents of the Amended Complaint itself confirm that Defendants actions were not *ultra vires*. Accordingly, the actions, as alleged, were well within the powers granted to the individual Commonwealth Defendants by the Commonwealth.

Clowdis cannot circumvent the Eleventh Amendment by naming the Commonwealth Defendants in their individual capacities when it is clear that Clowdis is suing them for action taken in their official capacities on behalf of the Commonwealth, the Virginia DHP, the Board, VCU, and the HPMP. Therefore, the "real party in interest" is not the named individual Commonwealth Defendants, but the entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In this matter, the Commonwealth is the real party in interest and sovereign immunity – grounded in the Eleventh Amendment – requires that this Court dismiss the Amended Complaint – in its entirety – with prejudice.

> **D. Qualified Immunity and Quasi-Judicial Immunity Bar Claims against Board Staff, DHP investigators, and HPMP Case Manager Stewart**

Qualified immunity bars claims against the Commonwealth Defendants to the extent they are sued in their individual capacities. "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotations and citations omitted). It protects all public officers except "the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Qualified immunity shields public officers "from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation and citation omitted). "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201. If so, "the next sequential step is to ask whether the right was clearly established." *Id.* "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Pelzer*, 536 U.S. at 739 (internal quotation omitted). The district court has discretion to determine which of the steps to address first. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009).

Under this standard, the Commonwealth Defendants are entitled to qualified immunity because the facts alleged, as will be discussed further below, do not demonstrate that any of the Commonwealth Defendants violated a clear constitutional right of Clowdis. Specifically, Clowdis states in his complaint that he is suing each named defendant in his or her individual capacity without providing any factual basis for doing so.

In addition, the Board Staff, DHP investigators, and HPMP staff, are entitled to absolute, quasi-judicial immunity. Under the test established in *Butz v. Economou*, 438 U.S. 478, 514 (1978), where the Court found such immunity for officials involved in administrative hearings, all of these Commonwealth Defendants were acting in a quasi-judicial capacity when they investigated, considered or ruled upon Clowdis' suspension. Federal case law also supports applying such immunity specifically to state medical board members. *See Battersby v. Carew*, 2014 U.S. Dist. Lexis 119908 at *13-14 n.2 (D.S.C. August 28, 2014) (citing *Mason v. Arizona*,

13

260 F. Supp. 2d 807, 821 (D. Ariz. 2003); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 66-67 (5th Cir. 1997); *Alexander v. Margolis*, 921 F. Supp. 482, 486-87 (W.D. Mich. 1995); *Wang v. New Hampshire Bd. of Registration in Med.*, 55 F.3d 698, 702 (1st Cir. 1995); *Watts v. Burkhart*, 978 F.2d 269, 278 (6th Cir. 1992) (en banc); *Bettencourt v. Bd. of Registration*, 904 F.2d 772, 782 (1st Cir. 1990); *Horwitz v. State Bd. of Med. Exam'rs*, 822 F.2d 1508, 1515 (10th Cir. 1987); *Howard v. Miller*, 870 F. Supp. 340, 344-45 (N.D. Ga. 1994)).

Further, officials who initiate administrative proceedings and present evidence on the record at administrative proceedings are entitled to absolute immunity. *Richter v. Connor*, No. 93-1433, 1994 U.S. App. LEXIS 6961 (4th Cir. 1994) (unpublished). "These officials perform functions integral to the judicial process and must be free to perform their duties without threat of civil damages." *Id*. (holding that Virginia Board of Medicine staff is entitled to absolute immunity under *Butz*). Therefore, the Commonwealth Defendants assert that Board staff, the investigators, and HPMP staff in this case acted to gather and present evidence and should be granted quasi-judicial immunity.

### E.  Failure to state a claim under the ADA and Rehabilitation Act

42 U.S.C. § 12132 provides:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

29 U.S.C. § 794, insofar as relevant, provides:

> (a) No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 U.S.C. § 705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . .

The Amended Complaint fails to allege facts sufficient to demonstrate a violation of the ADA or the Rehabilitation Act. To prove a claim under the ADA, Clowdis must show (1) that he has a disability; (2) that he is an otherwise qualified individual; and (3) that he was denied the benefit at issue on the basis of his disability. *Doe v. University of Maryland Medical System Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995); *Betts v. Rector and Visitors of University of Virginia*, 939 F. Supp. 461, 466-67 (W.D. Va. 1996).

The Amended Complaint fails to allege that he is an otherwise qualified individual with a disability or that he was denied a benefit on the basis of the disability. Although Clowdis states that he is an otherwise qualified individual with a disability, he does not allege facts to support this conclusion. In fact, he is alleging that the Board failed to consider evidence that he did not have a current disability when the Board made its findings in the May 24, 2011, Order. Therefore, Clowdis cannot demonstrate that he is an otherwise qualified individual with a disability.

Moreover, the Board's Order of May 24, 2011, suspended his license based, in part, on the Board's conclusion that Clowdis violated Va. Code § 54.1-2915(A)(2) and (14). (Def. Ex. 2). This section of Virginia law authorizes the Board to take action against the license of a licensee whose substance abuse renders him unfit to perform his professional duties and who is unable to practice with reasonable skill or safety due to illness or substance abuse. In other words, the Board required Clowdis to be monitored by the HPMP because of concerns that he was unsafe to practice medicine, not because he had a disability. The Board's March 4, 2013, Order continued Clowdis' license on suspension based on his violation Board's prior Order, which required him to comply the HPMP. (Def. Ex. 5). As such, any claim based on the ADA or the Rehabilitation Act should be dismissed for his failure to properly allege a claim.

### F. Failure to State a Claim under the First Amendment

"[S]peech on 'matters of public concern' . . . is 'at the heart of the First Amendment's protection.'" *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-59 (1985) (quoting *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 776, (1978)). That is because restricting speech on purely private matters does not implicate the same constitutional concerns as limiting speech on matters of public interest: "[T]here is no threat to the free and robust debate of public issues; there is no potential interference with a meaningful dialogue of ideas; and the threat of liability does not pose the risk of a reaction of self-censorship on matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011) (quoting *Dun & Bradstreet*, 472 U.S. at 760) (internal quotation marks omitted). Clowdis' allegation that HPMP Case Manager Stewart ordered him to not contact potential employers is a purely private matter and not the type of speech protected by the First Amendment.

### G. Failure to State a Due Process Claim

To state a claim under 42. U.S.C. 1983 for the deprivation of procedural due process rights, a plaintiff must allege (1) a deprivation of a protectable liberty or property interest and (2) that the procedures available did not provide due process of law. *Hill v. Borough of Kutztown,* 455 F.3d 225, 233-34 (3d Cir. 2006). Due process requires that a state afford a person notice and a meaningful opportunity to be heard. *Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972). In this case, it is undisputed that Clowdis received notice and an opportunity to be heard. He alleges that his license was suspended 2007, but he did not receive a hearing until 2011, but he alleges nothing further—as if the mere passage of time constitutes a constitutional violation. After DHP mandatorily suspended Clowdis' license on April 26, 2007, he had a right to apply for reinstatement. Va. Code § 54.1-2409(D). Significantly, Clowdis alleges nothing with regard to

16

when he applied for reinstatement or when he asked for a formal hearing. Moreover, Clowdis does not allege that he did not have notice or a hearing prior to the both the Board's Orders. Finally, to the extent Clowdis' allegation that the Board has committed a due process violation by not forwarding a transcript to the Richmond City, Virginia, Circuit Court, his claim must be pursued in that court. Clowdis has not filed anything in that court since July 2013. (Def. Ex. 8).

### H. Failure to State a Claim of a Violation of a Right to Travel

There are three components to the right to travel: "1) the right of a citizen of one state to enter and leave another state; 2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second state; and 3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state." *Chavez v. Ill. State Police*, 251 F.3d 612, 648 (7th Cir. 2001) (citing *Saenz v. Roe,* 526 U.S. 489, 500, (1999)). Clowdis' claim that HPMP Case Manager Stewart violated his right to travel by ordering him to stay in Virginia simply does not implicate this right.

### I. Failure to State a Claim of Stigma and Defamation

To state a claim that a government actor made a defamatory statement in violation of the Fourteenth Amendment, Clowdis must have alleged "(1) the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he . . . claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (internal quotations omitted). Such a claim is referred to as a "stigma-plus" claim. *Id* at 88. Moreover, "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Bd. of Regents of State Colleges,* 408 U.S. at 573 (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)). The Court noted that "the

17

purpose of such notice and hearing is to provide the person an opportunity to clear his name." *Id*. at 573 n.12.

While Clowdis alleges the Board and state employees made false statements, he fails to allege any actual statements that he considers false. If Clowdis is referring to the Board Orders, he was provided a formal administrative hearing before each Order was issued. The Commonwealth Defendants' submit that Clowdis' stigma and defamation claims should be dismissed.

### J. Failure to State an Equal Protection Claim

"In order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity in Athletics, Inc. v. Dept. of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Clowdis has failed to allege any facts that demonstrate he was treated differently than others similarly situated by any of the Commonwealth Defendants. Therefore, this claim should be dismissed.

### K. Failure to State a Claim for Retaliation

Finally, "[t]o establish a *prima facie* retaliation claim under the ADA, plaintiffs must allege (1) that they engaged in protected conduct, (2) that they suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action." *Society Without a Name,* 655 F.3d at 350 (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001)).

Similarly, a 42 U.S.C. 1983 retaliation claim has three elements: (1) the plaintiff engages in constitutionally protected activity; (2) "retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights;" and (3) a causal link between the

first two elements. *Thomas v. Independence Township,* 463 F.3d 285, 296 (3d Cir. 2006). "To establish the requisite causal connection, a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007).

Clowdis alleges that he was dismissed from the HPMP after threatening to sue the "defendants," but fails to state when he made the threat or to whom he made the threat. (Compl. ¶ 79 and 80). Although Clowdis connects his threat to sue with the administrative hearing that occurred in February 2013, he was dismissed from the HPMP prior to that on April 27, 2012. (Def. Ex. 5). Therefore, Clowdis does not connect his threats to sue to any adverse action taken by the defendants, and these claims should be dismissed.

### IV. Conclusion

WHEREFORE, this Court should grant the Commonwealth Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and dismiss this action with prejudice.

Respectfully submitted,

COMMONWEALTH OF VIRGINIA DEFENDANTS,

By: _____/s/ _____
James E. Rutkowski (VSB No. 47962)
Attorney for Commonwealth Defendants
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-8118
(804) 371-8718 (fax)
jrutkowski@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

Cynthia V. Bailey
Deputy Attorney General

Allyson K. Tysinger
Senior Assistant Attorney General

James E. Rutkowski (VSB No. 47962)
Assistant Attorney General
Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I mailed the document by U.S. mail, first class, postage prepaid, to the following non-filing user: Mr. William G. Clowdis, Jr., pro se, 16310 Red House Road, Red House, Virginia 23963.

/S/
_____
James E. Rutkowski