**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 16-1641

———————————

WILLIAM G. CLOWDIS, JR.,

                    Plaintiff – Appellant,

          v.

JOEL JEREMY SILVERMAN, M.D.; MCV ASSOCIATED PHYSICIANS,
d/b/a MCV Physicians; WILLIAM L. HARP, M.D.; JENNIFER L.
DESCHENES, J.D., M.S.; LORETTA S. HOPSON-BUSH; DEPARTMENT
OF HEALTH PROFESSIONS, VIRGINIA BOARD OF MEDICINE; THE
VIRGINIA HEALTH PRACTITIONER'S MONITORING PROGRAM; NATIONAL
PRACTITIONER DATABASE; VIRGINIA COMMONWEALTH UNIVERSITY;
COMMONWEALTH OF VIRGINIA; VIRGINIA COMMONWEALTH UNIVERSITY
HEALTH SYSTEM; AMY STEWART; SANDRA WHITLEY RYALS; RENEE S.
DIXSON; SHERRY FOSTER, R.N.,

                    Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.   (3:15-cv-00128-REP)

———————————

Submitted:  November 10, 2016        Decided:  November 22, 2016

———————————

Before TRAXLER, AGEE, and WYNN, Circuit Judges.

———————————

Affirmed in part; vacated in part by unpublished per curiam
opinion.

———————————

William G. Clowdis, Jr., Appellant Pro Se. Rodney Kyle Adams,
LECLAIR RYAN, PC, Richmond, Virginia; Shyrell Antwinique Reed,
LECLAIR RYAN PC, Charlottesville, Virginia; Erin Laura Barrett,

James Edward Rutkowski, OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia; Elizabeth Wu, Assistant United
States Attorney, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William G. Clowdis, Jr., appeals the district court's orders granting the Defendants' motions to dismiss, denying Clowdis's motion for default judgment, and dismissing Defendants Ryals and Dixson for failure to effect service.  The district court granted the Defendants' motions to dismiss on the basis of Younger v. Harris, 401 U.S. 37 (1971), which mandates that a federal court abstain from exercising jurisdiction and interfering in state proceedings under certain circumstance.  On appeal, Clowdis challenges the Younger abstention on numerous grounds and asserts that dismissal of Ryals and Dixson was improper.  We affirm in part and vacate and remand in part.

With regard to the dismissal of Clowdis's claims for declaratory and injunctive relief, we affirm substantially for the reasons stated by the district court.  Clowdis v. Silverman, No. 3:15-cv-00128-REP (E.D. Va. May 5, 2016).  In addition, Clowdis asserts that, for several reasons, there is no functional state proceeding, rendering Younger abstention inappropriate.  Clowdis first contends that the Virginia Medical Board ("Board") blocked his state appeal by failing to forward the required record to the court.  However, in his informal brief, Clowdis admits that the Board has now provided his record.  Thus, Clowdis presents no reason why the state court cannot now proceed to rule on his appeal and provide him with

any relief to which he is entitled. Moreover, even assuming that the Board's delay was intentional, Clowdis never requested relief from the delay from either the state court or the Board, and he does not allege any intentional delay on the part of the court. Accordingly, his issue is with the Board rather than the state proceeding itself. As such, Clowdis's argument does not show that the state proceeding is not adequate.

We conclude similarly regarding Clowdis's argument that the Board improperly found certain challenges waived by his failure to timely appeal. The state court can decide the issue, and a disagreement with a legal ruling does not support an argument that a state proceeding is nonfunctioning. See Duty Free Shop v. Administracion De Terrenos, 889 F.2d 1181, 1183 (1st Cir. 1989) (holding that a party who is "already engaged in a state proceeding, cannot ordinarily obtain a hearing in federal court on its federal claim simply because it believes the state will reject the claim on the merits."). Finally, regarding Clowdis's assertion that the district court's ruling was preclusive to the state proceeding, he is mistaken. The district court declined to assert jurisdiction and, thus, by definition, the merits were not addressed or ruled upon. In fact, the district court explicitly noted that the state court should consider the issues in the first instance.

Next, Clowdis avers that <u>Younger</u> abstention is inappropriate because he does not have a reasonable opportunity to raise his Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and constitutional claims in state court; that some of the Defendants are not parties to the state action; and that the Board refused to hear his constitutional concerns. However, even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims during state judicial review of the administrative proceedings is sufficient. <u>Kenneally v. Lungren</u>, 967 F.2d 329, 332 (9th Cir. 1992); <u>see also</u> <u>Ohio Civil Rights Comm'n v. Dayton Christian Schs.</u>, 477 U.S. 619, 629 (1986). Moreover, the <u>Younger</u> doctrine is particularly applicable in a case such as this where the pending state proceeding may rectify any constitutional violations. <u>See, e.g.</u>, <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 12 (1987) (noting that <u>Younger</u> abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'" (quoting <u>Moore v. Sims</u>, 442 U.S. 415, 429-30 (1979))). Because Clowdis may raise constitutional and discrimination challenges to the suspension of his license in his state appeal, <u>Younger</u> abstention was proper on Clowdis's claims that the Board's

5

suspension of his medical license violated his constitutional and federal rights and his related request for injunctive and declaratory relief on these issues.   See Phillips v. Virginia Bd. of Med., 749 F. Supp. 715, 723-24 (E.D. Va. 1990); see also Lebbos v. Judges of Superior Court, 883 F.2d 810, 815 (9th Cir. 1989) (holding that opportunity to raise federal contentions as defenses is sufficient).   Moreover, the fact that the parties are not identical does not change this conclusion, given the fact that all of the claims are intertwined.   See Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 882 (8th Cir. 2002) (noting that corporation cannot avoid Younger by having subsidiaries sue in federal court when federal relief could obstruct enforcement of any state court remedy); Spargo v. N.Y. State Com'n on Jud. Conduct, 351 F.3d 65, 81-84 (2d Cir. 2003) (finding that Younger applies to persons not parties in state proceeding when right asserted is purely derivative of rights of defendant in state proceeding).

However, Clowdis also sought damages for the alleged violation of his constitutional rights, as well as damages for the alleged violations of the ADA and the RA.   If damages are not available in the state proceeding, a stay is appropriate to

avoid the running of the statute of limitations.[1]   See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730 (1996) ("[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether"). Here, the Defendants do not appear to dispute that ADA/RA relief would not be available during the state proceeding, but the district court did not address the issue. The distinction between damage and other claims for relief was also not addressed. Thus, "the proper course of action in the face of such uncertainty is for the District Court to retain jurisdiction and stay the damages claims pending the outcome of the state litigation. If [Clowdis] does not present [his] damages claims in the state proceeding, or if they are presented and disallowed in that forum, the claims may then be litigated in the District Court." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 414 (3d Cir. 2005). Accordingly, we vacate the dismissal of Clowdis's claims for damages and remand with instructions to stay adjudication until the state proceeding is concluded.[2]

---

[1]  We note that Appellees assert that Clowdis's current claims are already barred by the statute of limitations. We do not decide this issue.

[2]  We recognize that the state court rulings may have preclusive effect on Clowdis's remaining federal claims.

Finally, Clowdis challenges the failure to enter default judgment against Ryals and Dixson and the dismissal of these defendants for failure to serve. For the reasons discussed by the district court, we conclude that default judgment was properly denied. As far as the dismissal of these parties, under Fed. R. Civ. P. 4(m), if a plaintiff is not diligent and fails to serve the complaint in a timely manner, the case shall be dismissed without prejudice. The "without prejudice" condition permits a plaintiff to refile the complaint as if it had never been filed. Thus, Clowdis is free to refile and properly serve these Defendants. While Clowdis asserts that he was entitled to rely on the Attorney General's appearance, the record does not contain proof of service against Ryals or Dixson, as it does for the other Defendants, and both Ryals and Dixson stated that they had never been served in their response to Clowdis's motion for default judgment. Thus, Clowdis was on notice of his failure to perfect service, and we affirm the dismissal of these Defendants.

For the foregoing reasons,[3] we affirm the district court's order dismissing Clowdis's claims for injunctive and declaratory

---

[3] In addition, we decline to address whether the district court failed to properly liberally construe Clowdis's pro se filings, as we find the construction of the filings would not have altered the district court's rulings. In addition, Clowdis has requested the protection of the "mailbox rule," with regard (Continued)

relief.   However,  we  vacate  the  dismissal  of  his  claims  for damages  and  remand  with  instructions  to  stay  these  claims  until resolution  of  Clowdis's  state  appeal.   We  dispense  with  oral argument  because  the  facts  and  legal  contentions  are  adequately presented  in  the  materials  before  this  court  and  argument  would not  aid  the  decisional  process.

AFFIRMED IN PART;
VACATED IN PART

---

to  certain  district  court  filings.   However,  Clowdis  is  not  a prisoner,  and  thus,  the  mailbox  rule  is  inapplicable.