UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM G. CLOWDIS, JR., MD,

    Plaintiff,

v.                                      Civil Action No.: 3:15cv128

JOEL JEREMY SILVERMAN, MD, *et al*.

    Defendants.

FILED FEB 14 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

Pursuant to the Court's January 20, 2017 Order (Doc. 85) Plaintiff William G. Clowdis, Jr., MD submits his Status Report regarding his Virginia Circuit Court of Richmond City Appeal of the Virginia Board of Medicine's ("Board") Order, and states as follows:

1. Brief summary of the claims:

    a. The Board and the Virginia Health Practitioners Monitoring Program ("HPMP") failed to act in accordance with Constitutional rights, both state and federal. The Board deprived Dr. Clowdis of his fundamental Due Process property and liberty rights, and further violated Title II of the Americans with Disabilities Act ("ADA").

    b. The Board and HPMP failed to act in compliance with statutory authority and jurisdiction limitations. The Board failed to act in accordance with Va. Code 54.1-2409, which formed the sole basis for its claim of statutory authority and jurisdiction to mandatorily suspend Dr. Clowdis' license in the first instance, rendering all of its orders void *ab initio*. Despite its formal finding of fact that the felony charge is dismissed, and having no evidence of current psychopathology, the Board continues to maintain the suspension to this day. HPMP violated Dr. Clowdis' due process rights when it barred him from working, without any cause for doing so, shortly after the Board's 2011 Order restored Dr. Clowdis' license.

HPMP was acting as the agent of the Board in enforcing that Order, and did not have independent authority to contradict that order by arbitrarily re-suspending Dr. Clowdis' license, much less to do so without a procedure for hearing or appeal.

c. The Board committed harmful error in its failure to observe required procedure. The Board failed to grant Dr. Clowdis a hearing of first impression in 2007 to refute the false allegation that he was a convicted felon. The Board failed to grant Dr. Clowdis a hearing of first impression to refute the false charges in its Statement of Particulars, alleging (*inter alia*) that he is a substance abuser. Thus, the Board violated Va. 54.1-2408.1 (which requires a showing of "substantial danger to the public" in addition to requiring simultaneously instituting "proceedings for a hearing"), which requires a hearing of first impression before making a finding that Dr. Clowdis is unfit to practice medicine. After the Board's 2011 Order restored Dr. Clowdis' license, subject to monitoring, HPMP unilaterally and without cause re-suspended his license. There is no statutory procedure to address a grievance against HPMP. But Dr. Clowdis followed the informal procedure recommended by HPMP (as the Board's agent) by voluntarily withdrawing from the monitoring program to get a Board hearing. The Board wrongly responded at the 2013 hearing by punishing him for "non-compliance", due to his following the recommended procedure.

d. The Board decision was not supported by substantial evidence in the record as a whole. The Board chose to rely on irrelevant but prejudicial evidence (at the 2013 hearing), while refusing to consider highly relevant evidence submitted by Dr. Clowdis. Nevertheless, the record as a whole contains highly credible evidence which shows the Board's conclusions of both fact and law in 2013, and findings of law in 2011 and 2007 are false.

2. After this Court dismissed Dr. Clowdis' claims on May 05, 2016 (Docs. 77, 78, 79), but

before he filed his Appeal to the Fourth Circuit (Notice mailed May 27, 2016), the Board transmitted the Record to the Virginia Circuit Court of Richmond City in accordance with Virginia Supreme Court Rule 2A:3(b), as noted by letter copied to Dr. Clowdis, postmarked May 31, 2016.

3. On December 05, 2016, Erin Barrett, counsel for the Board, and I discussed by phone a potential hearing date, which we mutually agreed could occur during the month of March 2017.

4. As discussed by phone, the Board notified the court of its intent not to pursue its motion to transfer venue by letter, dated December 06, 2016. (Exhibit 1, p. 2).

5. This case is therefore to be tried by the Virginia Circuit Court of Richmond City.

6. After the Circuit Court of Richmond City's jurisdiction/venue was settled, Plaintiff filed a Motion to Amend his Petition along with a proposed Amended Petition and Appendix by mailing it on January 17, 2017.

7. On January 31, 2017, the Board filed its opposition to Plaintiff's Motion to Amend his Petition, and to include the records from the 2007 and 2011 hearing/orders for review.

1. Plaintiff filed his rebuttal to the Board's opposition by mailing it today, February 10, 2017, along with his Motion for the Virginia Circuit Court of Richmond City to Declare all of the Board's order void *ab initio*, which may be brought at any time, or in any manner.[1] The Board lacked jurisdiction because its sole legal authority to suspend Dr. Clowdis' license in 2007 was based on Virginia Code §54.1-2409(A), which requires a felony conviction. Dr. Clowdis has never been convicted of a felony. (Doc. 67-2, at A11, "Plea Withdrawn", "Dism after Successful Completi",

---

[1] "We said that "[s]ubject matter jurisdiction is granted by constitution or statute," that "[i]t cannot be waived," that "any judgment rendered without it is **void *ab initio*,**" and that "lack of subject matter jurisdiction 'may be **raised at any time, in any manner, before any court, or by the court itself.**'" *Nelson v. Warden of Keen Mtn. Correctional*, 552 SE 2d 73, 75 (Va. 2001). *See also*, "Because an order that is **void ab initio** is a complete nullity, **the order may be challenged directly or collaterally "by all persons, anywhere, at any time, or in any manner."** *Hicks ex rel. Hicks v. Mellis*, 657 SE 2d 142, 145 (Va. 2008).

3

"09/06/2005 Sentencing Resulting fm Plea Void"). "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgment and orders are regarded as **nullities**. They are not voidable, but simply **void, and this is even prior to reversal**." *Valley v. Northern Fire and Marine Ins. Co.*, 254 U.S. 348, (1920). "Since such jurisdictional defect **deprives not only the initial court but also the appellate court of its power over the case** or controversy, to permit the appellate court to ignore it ... [Would be an] unlawful action by the appellate court itself." *Freytag v. Commissioner*, 501 U.S. 868 (1991). In 1978, the Supreme Court said that: If a probate Judge, with jurisdiction over only wills and estates, issues a criminal conviction, he would be acting in the clear absence jurisdiction (and so, not protected by absolute immunity). *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978). Similarly, the Board acted outside its jurisdiction here. Therefore, its unauthorized Orders should be treated as void *ab initio*, that is "even prior to reversal." *Valley v. Northern Fire and Marine Ins. Co.*, 254 U.S. 348 (1920).

8.  The Board seeks to prevent Dr. Clowdis from showing this and other courts that he is not a convicted felon, or challenging the Board's smoke and mirrors finding that he is. The Board has attempted to prejudice this Court from the outset by repeatedly stating that Dr. Clowdis is a convicted felon even though it possesses documents showing this is not true. To the same end, in its opposition to Dr. Clowdis' Motion to Amend his Petition, the Board writes of "pointing a gun at his 10-year old daughter." This stems from a 2011 finding by the Board which was based on multiple layers of inadmissible hearsay: 1) a Colorado police officer's probable cause statement from April 17, 2004, which relays that 2) a school guidance counselor said that 3) Jessica (Dr. Clowdis' daughter) said that her father pointed a gun at her, which 4) the guidance counselor purportedly heard Jessica say. (Doc. 25-2, p. 2 at 2). Dr. Clowdis informed this Court of the fact

4

that this assertion is false. (Doc. 37, p. 8, fn7: "Plaintiff denies Defendants' facts related to allegations of conduct in violation of Colorado law, which were not tried in court, unless otherwise stated."). Because of the highly prejudicial nature of this false statement, Dr. Clowdis included an affidavit from his daughter, Jessica Aundralyn Clowdis (his 10-year daughter at the time referred to by the Board in its order) to the Virginia Court (and provides a copy to this Court as his Exhibit 2 to this Status Report), to show that Dr. Clowdis never pointed a gun at her. In this affidavit, Dr. Clowdis' daughter swears that: "At no time, did my father point a gun at me or say anything to threaten or frighten me." (Jessica Clowdis Affidavit, Exhibit 2 at ¶2).

9. Dr. Clowdis anticipates the Board will respond to Dr. Clowdis' Motion to Declare the Board Orders Void and that a hearing on the motion will ensue, possibly in March 2017. A ruling that the board orders are void *ab initio* may resolve the issues that the state court can address (limited to restoring his medical license and injunctive relief).

10. Upon resolution of the State Court proceeding, Dr. Clowdis will return to address all of his damage claims which the Fourth Circuit Court of Appeals restored (4th Cir. Opinion at p. 9). This Court, however, only listed restoration of Dr. Clowdis' Claims 1 through 4; however, his count 5 is a damage claim for violation of Dr. Clowdis' constitutional rights, and his counts 6-9 are damage claims over which this court has supplemental jurisdiction.

Respectfully submitted this 10th day of February 2017,

_____
William G. Clowdis, Jr., MD
*Pro Se*
16310 Red House Road
Red House, Virginia 23963
(304) 657-0118

## **Certificate of Service**

I hereby certify that on the 10th day of February, 2017, I mailed the foregoing Plaintiff's Status Report and Exhibits 1 and 2 via the USPS for filing with the Clerk of the Court, and mailed copies via First Class USPS mail to the following:

    Elizabeth Catherine Wu
    U.S. Attorney's Office (Richmond)
    919 E. Main Street
    Suite 1900
    Richmond, Virginia 23219
    *Counsel for National Practitioner Data Bank*

    Rodney K. Adams and Shyrell Reed
    LeClairRyan, A Professional Corporation
    919 E. Main Street, 24th Floor
    Richmond, Virginia 23219
    *Counsel for Joel Silverman, MD, MCV Physicians, and VCUHSA*

    Erin Barrett
    Office of the Attorney General, Health Services Section
    202 North Ninth Street
    Richmond, Virginia 23219
    *Attorney for Commonwealth Defendants, Loretta Hopson-Bush*

                                                              _____
                                                              William G. Clowdis, Jr., MD
                                                              *Pro Se*
                                                              16310 Red House Road
                                                              Red House, Virginia 23963
                                                              (304) 657-0118

6

## CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of these documents.

<u>William G. Clowdis, Jr.</u>
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: <u>02/10/2017</u>    (Date)

### OR

(2) _____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)